## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAMEKA CAGE**                                                    **CIVIL ACTION**

**VERSUS**

                                                                   **NO. 25-141-JWD-SDJ**

**EAST BATON ROUGE PARISH**
**SCHOOL DISTRICT, et al.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 11, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAMEKA CAGE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 25-141-JWD-SDJ** |
| **EAST BATON ROUGE PARISH SCHOOL DISTRICT, et al.** | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is a Motion to Dismiss for Failure to State a Claim and Lack of Procedural Capacity filed by Defendant the East Baton Rouge Parish School Board (R. Doc. 10). Plaintiff, who is proceeding *pro se* in this litigation, opposes Defendant's Motion to Dismiss (R. Doc. 12). Defendant filed a Reply in support of its Motion to Dismiss (R. Doc. 13). Plaintiff then filed a response to Defendant's Reply (R. Doc. 14). For the reasons set forth below, it is recommended that Defendant's Motion to Dismiss be **granted**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2025, Plaintiff filed suit in this Court against the East Baton Rouge Parish School District, Paul Jackson, Danielle Staten, Shalonda Shamlin, and Dr. Sito Narcisse.[1] While the circumstances surrounding Plaintiff's clams are not completely clear, it appears from Plaintiff's Complaint that her son, Dillon Cage, who is of the age of majority, previously attended classes at the East Baton Rouge Parish Juvenile Detention Center.[2] While there, he also entered dual enrollment with Southern University.[3] The dual enrollment program also involved an internship program and/or classes at Scotlandville High School, to and from which the EBRPSB agreed to

---

[1] R. Doc. 1.
[2] *Id.* at 4.
[3] *Id.*

provide Dillon transportation.[4]    Plaintiff alleges that Defendants "failed to provide safe environment with necessary facilities for standardized testing" and "[f]ailed to provide legally required special needs services."[5]  Plaintiff also makes allegations pertaining to failure to change certain of Dillon's grades, physical altercations in which Dillon was involved, and disciplinary actions taken against Dillon, among others.[6]

In her Complaint, Plaintiff brings a myriad of claims against Defendants, including claims for violations of Title IX, Title VII, and the Americans with Disabilities Act, as well as a "Federal Tort Claim" and various state law claims.  In response to Plaintiff's filing of this lawsuit, EBRPSB filed the instant Rule 12(b)(6) Motion to Dismiss on May 28, 2025.[7]  Plaintiff filed her Opposition thereto on June 11, 2025.[8]  Defendant then filed a Reply in support of its Motion to Dismiss on June 25, 2025, to which Plaintiff filed a second Opposition, without leave of Court, in response.[9]

## II.    LAW AND ANALYSIS

### A.    Applicable Law

#### 1.    Rule 12(b)(6) Standard

Pursuant to Rule 12(b)(6), a defendant can seek dismissal of a complaint, or any part thereof, for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Shiell v. Jones*, No. 19-848,

---

[4] *Id.*
[5] *Id.*
[6] *Id.*; R. Doc. 1-1 at 2-3.
[7] R. Doc. 10.
[8] R. Doc. 12.
[9] R. Docs. 13, 14.  This second Opposition by Plaintiff is interpreted as a sur-reply, filed by Plaintiff without leave of Court, in violation of Local Rule 7(f) ("Leave of court must be obtained to file surreplies in Rule 12 and Rule 56 motions.").  As such, the Court did not consider it in its ruling herein.  *See Roberson v. Golden Living Ctr.*, No. 08-241, 2009 WL 3617741, at *1 (N.D. Miss. Oct. 29, 2009) ("A plaintiff proceeding *pro se* is required to comply with the Federal Rules of Civil Procedure as well as the local rules of this court.").

2020 WL 2331637, at *10 (E.D. La. May 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Shiell*, 2020 WL 2331637, at *10 (quoting *Iqbal*, 556 U.S. at 679).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Dismissal is appropriate when the complaint on its face shows a bar to relief." *Shiell*, 2020 WL 2331637, at *10 (quoting *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court does not assume the truth of conclusory statements but rather looks for facts which support the elements of the pleader's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### 2.    Standard for *Pro Se* Litigants

Plaintiff is proceeding in this litigation *pro se*. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that a court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). A court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless,

"a *pro se* litigant is not exempt . . . from compliance with relevant rules of procedural and substantive law." *NCO Fin. Sys., Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (internal quotations omitted). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). "The court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* And, "[a] *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Sys.*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593). Finally, "[w]hile much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5  n. 24 (M.D. La. Dec. 31, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)).

### B.    Discussion

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint "fails to state a cognizable claim under Title IX and Title VII" and requests that Plaintiff "be ordered to amend

her Complaint to add her son, Dillon Cage, as Plaintiff, because [Plaintiff] lacks the capacity to assert claims on his behalf."[10] The Court addresses each of these, in turn, below.

### 1. Plaintiff's Title IX Claim

In her Complaint, Plaintiff generally alleges Defendants "[p]erformed retaliatory acts due to exercising rights under Title IX."[11] "Title IX provides that '[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.'" *Henderson v. Bd. of Supervisors of S. Univ. and A&M Coll.*, No. 21-297, 2022 WL 875592, at *3 (M.D. La. Mar. 23, 2022) (quoting 20 U.S.C. § 1681(a)). "To establish a prima facie case of retaliation, the plaintiff must show that: (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action." *Owens v. La. State Univ.*, 666 F. Supp. 3d 561, 577 (M.D. La. 2023) (quoting *Collins v. Jackson Pub. Sch. Dist.*, 607 F. App'x 792, 795 (5th Cir. 2015)).

Here, while Plaintiff makes a general allegation of retaliation against Defendant, she does not sufficiently allege that either she or Dillon engaged in a protected activity or that either suffered an adverse employment action. And nothing in the record reviewed by the Court indicates otherwise. Rather, Plaintiff only vaguely alleges "[d]emotion and wrongful termination in a protected activity."[12] This is not sufficient. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

---

[10] R. Doc. 10 at 1.
[11] R. Doc. 1 at 4.
[12] R. Doc. 1-1 at 3.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Johnson v. Harris County.*, 83 F.4th 941, 945 (5th Cir. 2023) ("But we do not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'").  As such, Plaintiff has failed to allege facts sufficient to establish a claim under Title IX.  The Court, therefore, recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's Title IX claim.

### 2.    Plaintiff's Title VII Claim

"Title VII prohibits employers from discriminating against any individual based on race, color, religion, sex, or nation origin."  *Wells v. E. Baton Rouge Sch. Sys.*, No. 23-595, 2024 WL 4143581, at *5 (M.D. La. Aug. 8, 2024), *report and recommendation adopted*, 2024 WL 4142742 (M.D. La. Sep. 10, 2024) (citing 42 U.S.C. § 2000e-2(a)(1)).  "To state a claim for discrimination under Title VII, a plaintiff must plead that she '(1) is a member of a protected class, (2) was qualified for the position that [she] held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of [her] protected class.'"  *Id.* (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017)).  A plaintiff is not exempt from her obligation "to 'allege facts sufficient to state all the elements of her claim.'"  *Williams v. Genesis Energy, LLC*, No. 20-35, 2021 WL 1227873, at *6 (M.D. La. Mar. 31, 2021) (citing *Puente v. Ridge*, 324 F. App'x. 423, 427-28 (5th Cir. 2009); *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x. 363, 370 (5th Cir. 2008)).  Additionally, "[a] plaintiff asserting a claim under Title VII must exhaust administrative remedies before pursuing the claim in district court."  *Bracken v. Welborn*, No. 20-72, 2021 WL 237693, at *4 (M.D. La. Jan. 25, 2021) (citing *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Davis v. Fort Bend County*, 893 F.3d 300, 303 (5th Cir. 2018)).

First, Plaintiff does not allege that either she or Dillon exhausted their administrative remedies with the EEOC prior to filing her Complaint.  "In general, plaintiffs bringing claims under Title VII are required to file a complaint with the EEOC within 180 days of the occurrence of the discriminatory or retaliatory act."  *Equal Employment Opportunity Comm'n v. Stone Pony Pizza, Inc.*, 172 F. Supp. 3d 941, 947 (N.D. Miss. 2016) (citing 42 U.S.C. § 2000e, *et seq.*).  "The filing of the charge sets in motion 'an integrated, multistep enforcement procedure' that culminates in the EEOC's authority to bring a civil suit in federal court."  *Id.* (quoting *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 359 (1977); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 287 (2002)).  Nothing in the record indicates that Plaintiff properly exhausted her administrative remedies prior to filing her Complaint.

Second, Plaintiff has not established sufficient facts to state a claim under Title VII. Plaintiff has provided no facts to establish that she was a member of a protected class, employed by EBRPSB, qualified for the position held, suffered an adverse employment action, or was treated less favorably than others similarly situated outside of her protected class.   In her Complaint, she does allege that Dillon suffered "[r]etaliation and employment discrimination during CTE Internship class" and was involved in "[e]mployment discrimination proceedings involving denial of job benefits."[13]  And, a 2023 W2 Form does list the East Baton Rouge Parish School System as the employer and Dillon as the employee, presumably for said internship, though that is not clear.[14] Even assuming that Dillon was an intern at EBRPSB, Plaintiff does not allege that Dillon suffered an adverse employment action.  Rather, she only vaguely alleges "[d]emotion and wrongful termination in a protected activity."[15] The Court cannot tell to what that is referring, and as stated

---

[13] R. Doc. 1-1 at 3.
[14] *Id.* at 74.
[15] *Id.* at 3.

above, such allegations are insufficient. Moreover, Plaintiff has not asserted that Dillon was a member of a protected class who was treated less favorably than others similarly situated outside of his protected class. As Plaintiff has failed to allege key elements of a claim for relief pursuant to Title VII and did not exhaust her administrative remedies prior to filing her Complaint, the Court recommends that Defendant's Motion to Dismiss be granted with regard to Plaintiff's Title VII claim.

### 3.    Plaintiff's Claims Brought on Behalf of Dillon Cage

While Plaintiff is the only named prosecuting party in this case, many of the assertions made in the Complaint appear to be on behalf of Dillon Cage. Dillon is of the age of majority and was so at the time this suit was filed. As a person of the age of majority, Dillon is required to assert claims on his own behalf. *See W.L. v. Zirus*, No. 19-607, 2020 WL 6703238, at *4 (W.D. Tex. Nov. 12, 2020) ("Because W.L.V has reached the age of majority, W.L.IV's authority to assert claims on behalf of W.L.V has been extinguished," as a "guardian's ability to sue is dependent upon the real party remaining a minor."). Dillon is not a party, and Plaintiff cannot seek to herself recover damages allegedly suffered by him, not her. For example, Plaintiff alleges "[r]etaliation and employment discrimination during CTE Internship class."[16] As Dillon was the one who was enrolled in the internship class, any claims for damages purportedly suffered should be brought by him. Similarly, in listing "retaliatory actions," Plaintiff states "[l]ocked out of virtual classrooms, preventing assignment completion" and "[i]ncident reports for skipping class and disobedience."[17] Again, these actions happened to Dillon, not Plaintiff, allegedly resulting in damages to him. For Dillon to make claims for damages he allegedly suffered, he must be made a plaintiff to this action.

---

[16] *Id.*
[17] *Id.* at 2.

While Plaintiff previously filed a Petition for Interdiction of Dillion in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, she filed a Motion to Withdraw said Petition on June 26, 2025, which the 19th JDC granted on July 7, 2025.[18]  As such, there is no evidence in the record indicating that Dillon is not capable of proceeding on his own in this matter, should he wish to do so.

In its Motion to Dismiss, EBRPSB requests that this Court "enter into an order requiring Ms. Cage to amend the Complaint to add Dillon Cage as a Plaintiff in his individual capacity."[19] The Court declines Defendant's request.  "The plaintiff is the master of her complaint." *Cody v. Allstate Fire and Cas. Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021) (citation and internal quotations omitted).  As such, Plaintiff may prosecute this case in the manner she sees fit.  The Court has explained the deficiencies in her pleading.  Whether Plaintiff remedies them is her decision.

### C.     Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."   Courts are encouraged to grant leave to amend a complaint once to cure such deficiencies before dismissing a lawsuit with prejudice.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

---

[18] R. Doc. 35-1.
[19] R. Doc. 10-1 at 7.

In its Motion to Dismiss, EBRPSB asks that the Court "order[] Ms. Cage to amend her complaint to provide the appropriate factual allegations to establish a cognizable claim under Title IX and Title VII."[20]  Thus, Defendant clearly does not oppose, and, in fact, has requested that Plaintiff be given leave to amend.  Considering Defendant's position, the record, and Plaintiff's *pro se* status, the Court recommends that Plaintiff be given leave to file an amended complaint, should she wish to cure the foregoing deficiencies.

However, the Court will order one specific alteration to Plaintiff's Complaint.  Plaintiff's Complaint contains personal identifying information that is not redacted, in violation of Federal Rule of Civil Procedure 5.2(a).[21]  Record Document 1-1 at pages 21, 22, and 74 contains impermissible personal identifying information.  Plaintiff is ordered to redact this information and file a motion to substitute the redacted version for her current Complaint.  Additionally, any amended Complaint filed must also contain proper redactions, if required.

## III.     CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss for Failure to State a Claim and Lack of Procedural Capacity filed by Defendant the East Baton Rouge Parish School Board (R. Doc. 10) be **GRANTED**, and that Plaintiff's claims pursuant to Title IX and Title VII as well as Plaintiff's claims asserted on behalf of Dillon Cage be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to file an amended complaint **within 30 days** of the District Judge's ruling, to the extent Plaintiff wishes to cure the

---

[20] *Id.*

[21] Rule 5.2(a) provides: "Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of the an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."

deficiencies outlined above.  Should Plaintiff fail to timely file an amended complaint, those claims currently being dismissed without prejudice should be dismissed with prejudice.

**IT IS ORDERED** that Plaintiff is to redact personal identifying information as identified above and file a motion to substitute the redacted version in place of her current Complaint.

Finally, as Plaintiff is proceeding *pro se* in this litigation, she is directed to the Court's website, which provides resources for plaintiffs proceeding without an attorney, including a bi-monthly help desk.

Signed in Baton Rouge, Louisiana, on February 11, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**